IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RYAN A. PERRY                                                                                    PLAINTIFF

vs.                                            Civil No. 6:15-cv-06097

CAROLYN COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Ryan Perry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his applications for DIB and SSI benefits on February 3, 2012.  (Tr. 13).  Plaintiff alleged being disabled due to acute respiratory disease and diabetes.  (Tr. 171).  Plaintiff alleged an onset date of January 20, 2012.  (Tr. 13).  These applications were denied initially and again upon reconsideration.  (Tr. 57-61).  Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted.  (Tr. 75).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

An administrative hearing was held on March 10, 2014. (Tr. 30-56). At the administrative hearing, Plaintiff was present and was represented by counsel, William Kirby Mouser. *Id.* Plaintiff and Vocational Expert ("VE") Charles Turner testified at this hearing. *Id.* On the date of this hearing, Plaintiff was twenty-six (26) years old and had a high school education. (Tr. 35-36). At the administrative hearing, Plaintiff testified he returned to work full-time on March 20, 2013, and he amended his alleged period of disability to a closed period of disability of January 20, 2012 through March 20, 2013. (Tr. 34, 38).

On March 27, 2014, subsequent to the hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 13-24). In this decision, the ALJ determined the Plaintiff met the insured status of the Act through December 31, 2017. (Tr. 15, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from January 20, 2012 through March 20, 2013. (Tr. 15, Finding 2).

The ALJ determined Plaintiff had severe impairments of diabetes mellitus and unspecified skin lesions. (Tr. 16, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4)

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-22, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC from January 20, 2012 through March 20, 2013 for sedentary work, except he cannot perform work that would expose him to hazards; require him to climb ladders, ropes or scaffolds; and expose him to extreme heat, cold, or concentrated fumes. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ found Plaintiff was capable of performing his PRW as a data entry clerk from January 20, 2012 through March 20, 2013. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 23-24). The ALJ based his determination upon the testimony of the VE. Id. Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as an appointment clerk with approximately 900 such jobs in Arkansas and 95,000 such jobs in the nation and information clerk with approximately 2,800 such jobs in Arkansas and 600,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 20, 2012 through March 20, 2013. (Tr. 24, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 8). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On September 11, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 1, 2015. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the

Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13, Pg. 10-14. Specifically, Plaintiff claims the ALJ erred in determining Plaintiff's RFC. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14. This Court finds the ALJ erred in the RFC determination of Plaintiff.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that

determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC from January 20, 2012 through March 20, 2013 for sedentary work, except he cannot perform work that would expose him to hazards; require him to climb ladders, ropes or scaffolds; and expose him to extreme heat, cold, or concentrated fumes. (Tr. 16, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 13, Pgs. 10-14.

The medical record shows Plaintiff was admitted with septic shock with respiratory distress at the National Park Medical Center ("NPMC") on January 22, 2012. (Tr. 387-389). Eventually Plaintiff was transferred to University of Arkansas Medical Services ("UAMS") on February 4, 2012. (Tr. 414). Plaintiff remained hospitalized at UAMS through March 8, 2012. (Tr. 1067). Plaintiff was then transferred to a physical therapy facility Baptist Rehabilitation where he remained until March 21, 2012. (Tr. 40). Following discharge from Baptist Rehabilitation, on March 27, 2012, Plaintiff was seen by Dr. Michael Mullins for medication and follow up care for his diabetes. (Tr. 1176). Dr. Mullins continued to treat Plaintiff until February 22, 2013. (Tr. 1240).

Plaintiff was seeking a closed period of disability of January 20, 2012 through March 20, 2013. (Tr. 34, 38). The ALJ determined Plaintiff retained the RFC from January 20, 2012 through March 20, 2013 for sedentary work, except he cannot perform work that would expose him to hazards; require him to climb ladders, ropes or scaffolds; and expose him to extreme heat, cold, or concentrated fumes. (Tr. 16, finding 5). The ALJ also found Plaintiff was capable of performing his PRW as a data entry clerk from January 20, 2012 through March 20, 2013. (Tr. 22, finding 6). The ALJ then determined Plaintiff had not been under a disability as defined by the Act from January 20,

2012 through March 20, 2013.  (Tr. 24, Finding 7).

Plaintiff was in a hospital until late March 2012, and at a minimum would be disabled through that time period.  The ALJ's findings are not supported by substantial evidence and are in error and remand is necessary to determine a proper period of disability.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of August 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE